Stewart, J.
The question before us is the interpretation of Section 1465-80, General Code, which reads in part as follows:
“If the ‘silicosis referees’ provided for by Section 1465-68a of the General Code, shall find that an employee has contracted silicosis * * * and that a change of such employee’s occupation is medically advisable in order to decrease substantially further exposure to silica dust and if such employee shall, within a period of three months thereafter, discontinue employment or change his occupation to an occupation in which the exposure to silica dust is substantially decreased, the Industrial Commission shall allow to such employee the sum of * #
It will be noted that originally relator filed a claim for total disability from silicosis, which was disallowed for the reason that the silicosis referees found that, although relator had a well developed simple silicosis, he was not totally disabled.
Relator thereupon filed an application for an award for change of occupation under Section 1465-80, General Code, which was denied for the sole reason that the application did not conform to the provisions of such section respecting a change of occupation in which simple silicosis is involved.
Respondent relies upon a regulation defining the requisite steps to an award under Section 1465-80, which steps are:
1. An application for benefits under the section. (It is agreed that such application was made.)
2. Favorable recommendation by the silicosis ref *184 erees. (It is agreed that such recommendation was made.)
3. An order of change of occupation by the commission following the recommendation of the silicosis referees. If all these things are done, the change of occupation must be made by the claimant within a period of three months after the commission’s order approving the change.
It is the position of respondent that, although relator made an application for benefits under Section 1465-80, and there was a favorable recommendation by the silicosis referees, as well as a favorable report by the Medical Board of Review recommending allowance for change of occupation, the respondent was precluded from making an award to relator unless, at the time the silicosis referees acted favorably upon his application for an award because of a change of occupation, relator was in the same employment as he was when he suffered his attack and was in a position to change his occupation within a period of three months after the finding by the silicosis referees. Such a construction would result in a situation where, although relator was hospitalized for silicosis and after such hospitalization was never able to work in a silica-dust atmosphere, nevertheless, he must work in such atmosphere during all the time necessary to file his application, have a number placed on it, have it investigated with reference to his physical condition and the exposure to silica dust, have his examination by the Silicosis Referee Board, and await its favorable report, all of which might require months. Thereafter, if relator should discontinue his employment or change his occupation, respondent would make an award for such change.
If the statute were to be construed as respondent claims it should be, and from its language a plausible argument can be made for such construction, the re- *185 suit would be that a claimant ill with silicosis would be compelled to remain in a job which would make him more ill, would aggravate his distressed condition, and subject him to an inhuman punishment shocking to any normal person’s sense of justice and decency.
Assuredly, in the interpretation of a statute, such a result as above described cannot be ascribed to the intention of the legislative body enacting such statute if another and more humane interpretation can reasonably be made.
We are of the opinion that a humane interpretation of the statute can be made, and that such interpretation is more consistent with what must have been the General Assembly’s intention in enacting the statute than the interpretation for which respondent contends.
It will be noted that after the provision as to the finding by the silicosis referees that an employee has contracted silicosis and a change of the employee’s occupation is medically advisable, which finding has been made in the present case, it is provided that if such employee shall, within a period of three months thereafter, discontinue employment or change his occupation, the Industrial Commission shall allow such employee an award.
Belator did discontinue his employment and was hospitalized.
The provision in the statute for the discontinuance of employment or change of occupation within a period of three months after the finding of the silicosis referees means that such discontinuance or change can not be made after a period of more than three months following the medical finding. It does not mean that a claimant must continue in a death-dealing employment during the period required to make the finding.
In State v. Nickles, 159 Ohio St., 353, 112 N. E. (2d), 531, this court held that, “in determining the intention of the General Assembly as to the meaning and opera *186 tion of statutes, a court, if possible, should avoid absurd and grotesque results. ’ ’
Certainly in determining such intention, a court, if possible, should avoid results which will lead to the infliction of atrociously cruel and inhuman treatment to a workman who has suffered a terrible disease in the course of and arising out of his employment.
The judgment of the Court óf Appeals is affirmed.

Judgment affirmed.

Weygandt, C. J., Middleton, Taft, Hart, Zimmerman and Lamneck, JJ., concur.